**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-6017**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

NATHANIEL MAURICE GAFFNEY,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  J. Michelle Childs, District Judge.  (7:07-cr-00711-JMC-5)

─────────────

Submitted:  April 23, 2013              Decided:  May 3, 2013

─────────────

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Nathaniel Maurice Gaffney, Appellant Pro Se.  Jimmie Ewing, Assistant United States Attorney, Columbia, South Carolina; Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2008, Nathaniel Maurice Gaffney was sentenced to 135 months' imprisonment following his conviction for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base ("crack"), in violation of 18 U.S.C. § 846 (2006). In 2012, Gaffney filed a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006), arguing that U.S. Sentencing Guidelines Manual App. C, Amends. 750 and 759 (2011), together with the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, reduced his advisory Guidelines range and his mandatory minimum sentence. The district court denied the motion. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

Under § 3582(c)(2), the district court may modify the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing [Guidelines] range that has subsequently been lowered," if the amendment is listed in the Guidelines as retroactively applicable. 18 U.S.C. § 3582(c)(2); see also USSG § 1B1.10(c), p.s. (2012). Even if a defendant qualifies for a sentence reduction based on a Guidelines amendment, the decision to grant such a modification is subject to the discretion of the court. See USSG § 1B1.10, cmt. (backg'd); United States v. Munn, 595 F.3d 183, 186 (4th Cir.

2

2010). "A district court abuses its discretion if it fails adequately to take into account judicially recognized factors constraining its exercise, or if it bases its exercise of discretion on an erroneous factual or legal premise." DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008) (internal quotation marks omitted).

Gaffney argued in the district court that his Guidelines range was lowered both by Amendment 750 and by the FSA. The FSA increased the threshold quantities of crack required to trigger certain mandatory minimum sentences. However, it is only retroactively applicable to defendants who were sentenced after its effective date of August 3, 2010. Dorsey v. United States, 132 S. Ct. 2321, 2335 (2012); United States v. Bullard, 645 F.3d 237, 246-49 (4th Cir.), cert. denied, 132 S. Ct. 356 (2011). Gaffney was sentenced in 2004, well before the FSA's effective date. In any event, in his informal brief, Gaffney does not challenge the district court's conclusion that the FSA did not lower Gaffney's statutory mandatory minimum sentence. Therefore, Gaffney forfeited appellate review of this claim. See 4th Cir. R. 34(b) (providing that this court considers only issues raised in briefs). For these reasons, we affirm the district court's order to the extent that it concluded that Gaffney's statutory

3

mandatory minimum sentence was not reduced by the FSA and that he was not eligible for a sentence reduction based on the FSA.

However, the district court denied § 3582(c)(2) relief without addressing Gaffney's eligibility for a sentence reduction under Amendment 750 independent of the FSA. Amendment 750 to the Guidelines lowered the offense levels for crimes involving certain quantities of crack cocaine and is retroactive. See USSG §§ 1B1.10(c); USSG App. C Amends. 750, 759. Because we conclude that Gaffney may have been eligible for such a reduction, we vacate the district court's order in part and remand for further proceedings to enable the district court to determine if Gaffney is eligible and, if so, whether to grant such a reduction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED